ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 16 2010

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY MASON and GRACE MEVERS, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE INSTITUTE OF ALLIED MEDICAL PROFESSIONS, INC., THOMAS HAGGERTY, LAUREN WEST, KARYN VIDAL-LEE and NARAYANA PRASAD, <br><br> Defendants. | CIVIL ACTION FILE NO. 1:10-CV-2575 <br><br> COLLECTIVE ACTION |

## COMPLAINT

COME NOW, Mary Mason and Grace Mevers, individually and on behalf of all others similarly situated, Plaintiffs, and file this their Complaint in this matter, and show as follows:

1.

Plaintiffs are former employees of Defendant, Institute of Allied Medical Professions, Inc. Plaintiffs bring this action in order to remedy the failure to pay wages due for their services and to seek damages for other claims arising out of their employment.

2.

Plaintiffs seek unpaid wages including overtime premium pay, liquidated damages, costs and attorneys fees, in addition to declaratory relief under the Fair Labor Standards Act ("FLSA").

3.

Plaintiffs bring this case on behalf of themselves and on behalf of other similarly situated employees pursuant to 29 USC § 216(b).

4.

Jurisdiction is proper in this Court pursuant to 28 USC § 1331, 28 USC § 1337, 28 USC §1367, and 28 USC § 2201.

5.

Venue is proper in this Court under 28 USC § 1391(b). Defendant IAMP resides in this district; in addition, a substantial part of the events giving rise to the claim occurred in this district.

**Defendants**

6.

Defendant IAMP is a Georgia corporation engaged in the business of education and training related to the medical field. Defendant has a principal office at 405 Park Avenue, New York, New York 10022. Defendant may be served with process through its registered agent, National

Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

7.

Defendant IAMP offers training programs in nursing, nuclear medicine technology, radiography, radiation therapy, diagnostic medical sonography and magnetic resonance imaging. Defendant IAMP operates five (5) campuses in Georgia, Florida and New York.

8.

Defendant IAMP earned gross revenue of more than $500,000 in the past fiscal year. Defendant IAMP is an enterprise engaged in commerce for purposes of the FLSA.

9.

Defendant Thomas Haggerty is President and Chief Executive Officer of IAMP. He may be served with process at 405 Park Avenue, New York, New York 10022.

10.

Upon information and belief, Defendant Haggerty is an employer within the meaning of the FLSA at all relevant times. Haggerty exercises significant control over operations and employment practices at the IAMP Atlanta office, including wage payments.

23.

However, Defendants regularly failed and refused to pay Plaintiffs as promised. After Plaintiffs had rendered services, Defendants frequently paid Plaintiffs for fewer hours than were worked, paid Plaintiffs in arrears, and/or told Plaintiffs they would not be paid for certain tasks.

24.

Plaintiffs were never treated as, or considered by Defendants as, employees subject to an FLSA exemption.

25.

Plaintiffs and similarly situated employees are non-exempt under the FLSA.

26.

During their employment, Plaintiffs and other similarly situated employees have regularly been required to work "off the clock", that is, they have been required to work additional hours for which they received no compensation.

27.

Defendants suffered Plaintiffs and other similarly situated employees to work without compensation within the meaning of the FLSA.

28.

Defendants failed to pay Plaintiffs and other similarly situated employees overtime compensation at the rate of time and one-half for all hours worked over forty (40) in a week.

29.

Defendants' failure to pay Plaintiffs and other similarly situated employees the proper wages required by law was willful.

30.

Defendants failed to maintain accurate records of the hours worked by Plaintiffs and other similarly situated employees.

31.

During the statutory period, Plaintiffs and other similarly situated employees were not paid for all hours worked as required under the FLSA.

32.

During the statutory period, Plaintiffs and other similarly situated employees were not paid time and one-half premium pay by Defendants to work hours over forty (40) in a work week.

33.

Plaintiffs made one or more complaints to their supervisors concerning Defendants' failure to properly pay for hours worked.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT: FAILURE TO PAY REGULAR AND OVERTIME WAGES

34.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

35.

Defendants failed to pay Plaintiffs and class members for all hours worked in violation of the FLSA, 29 USC § 201 *et seq.*

36.

Defendants failed to pay overtime wages to Plaintiffs and class members in violation of the FLSA.

37.

Defendants' failure to pay proper wages for each hour worked, and to pay overtime wages, was willful within the meaning of the FLSA.

38.

Defendant's failure to comply with the requirements of the FLSA caused damages to Plaintiff and other similarly situated employees.

## COUNT II

## VIOLATION OF FAIR LABOR STANDARDS ACT: RETALIATION

39.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

40.

Plaintiffs herein have been subjected to adverse employment actions as a result of complaints about Defendants' violations of law with regard to wage payments, culminating in termination of their employment.

41.

Defendants' actions were in violation of the Fair Labor Standards Act, 29 USC § 215 (a)(3), and caused damages to Plaintiffs in an amount to be shown at trial.

## COUNT III

## BREACH OF CONTRACT

42.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

43.

Plaintiffs and Defendants had agreements to pay each Plaintiff at an hourly rate for all hours worked.

44.

Defendants breached the agreements with Plaintiffs by failure to pay for all hours worked at the agreed hourly rate.

45.

Defendants further breached their agreements with Plaintiffs by making improper deductions from their wages.

46.

Defendants have violated the covenants of good faith and fair dealing as a result of their actions.

47.

Plaintiffs have been damaged as a result of Defendants' breaches in amounts to be shown at trial.

## COUNT IV

## CLAIMS UNDER OCGA SECTION 34-4-3

48.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

49.

In the alternative, to the extent that Plaintiffs' wages are not subject to the minimum wage requirements of the FLSA, Defendants have violated the provisions of OCGA § 34-4-3 through failure to pay a minimum wage for all hours worked.

50.

Plaintiffs are entitled to recover damages as a result of Defendants' violations as set forth in OCGA § 34-4-6, including liquidated damages, costs and attorneys' fees in an amount to be shown at trial.

## COUNT V

## CLAIM FOR PROMISSORY ESTOPPEL

51.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

52.

In the alternative, to the extent that there were not binding agreements between Plaintiffs and Defendants to pay wages as agreed, Plaintiffs are entitled to recover wage payments under the doctrine of promissory estoppel.

53.

Defendants promised Plaintiffs wage payments in agreed hourly amounts for all hours worked.

54.

Plaintiffs relied upon these promises to their detriment by rendering services to Defendants.

55.

Plaintiffs are entitled to damages under the doctrine of promissory estoppel in amounts to be shown at trial.

## COUNT VI

## QUANTUM MERUIT

56.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

57.

In the alternative, to the extent that there were not binding agreements between Plaintiffs and Defendants to pay wages as agreed, Plaintiffs are entitled to recover the value of their services under the doctrine of quantum meruit.

58.

Plaintiffs are entitled to damages under the doctrine of quantum meruit in amounts to be shown at trial.

## COUNT VII

## SLANDER/DEFAMATION

59.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

60.

At the time she terminated Mever's employment, Lauren West implied that Mevers had stolen company property. She asked for Ms. Mevers' master key and simultaneously remarked, "people have stolen things." She stated "we know what you've done."

61.

At the time she terminated Mason's employment, Lauren West directly accused Mason of stealing. She further refused to allow Mason to remove her personal effects when she was escorted from the building.

62.

Subsequent to the termination of Mevers and Mason, West stated to students that Mevers had assisted Mason in obtaining access to the IAMP

office after hours so that company property could be stolen. She stated that the company had proof of these allegations.

63.

West's statements regarding Mevers and Mason were false. West knew that her statements were false at the time she made them.

64.

West's allegations against Mevers and Mason were malicious and made in bad faith.

65.

West's statements with regard to Mevers and Mason are defamatory *per se*, entitling plaintiffs to damages in an amount to be shown at trial.

## COUNT IX

## INVASION OF PRIVACY

66.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

67.

West, and possibly other Defendants, retained and inspected the contents of Mason's personal briefcase and other containers without consent or permission.

68.

Mason had a reasonable expectation of privacy in the contents of her personal briefcase and containers, which was violated by West through her unlawful intrusion, resulting in damages.

69.

In addition, West's false statements regarding plaintiffs Mevers and Mason cast plaintiffs in a false light, resulting in an invasion of privacy and resulting damages.

70.

Upon information and belief, West and possibly other Defendants gained access to email communications of Mevers and Mason, including personal communications unrelated to IAMP's business.

71.

IAMP has no written or unwritten policy governing such communications, or advising employees that such communications might be subject to search.

72.

Plaintiffs had a reasonable expectation of privacy in their email communications which was violated by Defendants, resulting in damages in an amount to be shown at trial.

## COUNT X

## CONVERSION

73.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein. West and IAMP unlawfully retained and converted Mason's personal belongings after her termination.

74.

Defendants failed and refused to return plaintiff Mason's effects to her even after several requests, resulting in damages.

## COUNT XI

## CLAIM FOR ATTORNEYS FEES

75.

The allegations set forth in paragraphs 1- 33 above are hereby incorporated by reference as though fully set forth herein.

76.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused plaintiffs unnecessary trouble and expense.

77.

Plaintiffs are entitled to payment of reasonable attorneys fees, costs and expenses under FLSA, under OCGA §13-6-11, and under other applicable law.

WHEREFORE, Plaintiffs request that this Court:

(1) Provide for issuance of summons naming all Defendants herein;

(2) Provide for certification of a collective action and notice to potential class members as provided by law;

(3) declare that Defendants violated the Fair Labor Standards Act;

(4) declare that Defendants' violations of the FLSA were willful;

(5) grant judgment to Plaintiffs and all class members for claims for unpaid wages;

(6) grant judgment to Plaintiffs and all class members for liquidated damages;

(7) award Plaintiffs and all class members costs and reasonable attorney's fees incurred in bringing this action; and

(8) grant such further relief as the Court finds proper.

Respectfully submitted this ___13___ day of ___August___, 2010.

                                        ROACH, CAUDILL & GUNN, LLP


                                        /s/ E. Linwood Gunn, IV
                                        E. Linwood Gunn, IV
                                        Georgia State Bar Number 315265
                                        Attorney for Plaintiffs


Roach, Caudill & Gunn, LLP
111 West Main Street
Canton, Georgia 30114
Phone:      (770) 479-1406
Facsimile:  (770) 479-6171

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARY MASON and<br>GRACE MEVERS,<br>Individually and on Behalf of all<br>Others Similarly Situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>THE INSTITUTE OF ALLIED<br>MEDICAL PROFESSIONS, INC.,<br>THOMAS HAGGERTY,<br>LAUREN WEST, KARYN<br>VIDAL-LEE and NARAYANA<br>PRASAD,<br><br>　　　Defendants. | CIVIL ACTION FILE<br>NO. _____<br><br><br><br><br><br><br><br>COLLECTIVE ACTION |

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this __13__ day of August, 2010.

*/s/ **E. Linwood Gunn, IV***
E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiff,
individually and on behalf of others
similarly situated

ROACH, CAUDILL & GUNN, LLP
111 West Main Street
Canton, Georgia 30114
Phone:        (770) 479-1406
Facsimile:   (770) 479-6171
lgunn@rcglawyers.com