## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Settlement Agreement") is entered into this ___ day of _____, 2012 by and between Defendants Institute of Allied Medical Professionals, Inc. ("IAMP"), Institute of Allied Medical Professions, LLC, ("IAMP, LLC"), Thomas Haggerty ("Haggerty"), Karyn Vidal ("Vidal"), Lorren West ("West") and Narayana Prasad ("Prasad")(collectively "Defendants") and Plaintiffs Mary Mason (hereinafter "Mason") and Grace Mevers ("Mevers") (collectively "Plaintiffs")(Plaintiffs and Defendants combined collectively referred to as the "Parties").

WHEREAS, the Parties are involved in a matter styled <u>Mary Mason and Grace Mevers, Individually and on Behalf of All Others Similarly Situated v. The Institute of Allied Medical Professions, Inc., Thomas Haggerty, Lauren West, Karyn Vidal-Lee, Narayana Prasad, and The Institute of Allied Medical Professions, LLC</u>, Civil Action File Number: 1:10-cv-2575-CAP filed with the United States District Court for the Northern District of Georgia, Atlanta Division (the "Action" or the "Subject Litigation); and

WHEREAS, THE Action encompassed putative class claims as well as individual tort and contractual claims specific to Mason and Mevers; and

WHEREAS, the Parties mutually desire to amicably resolve any and all disputes among them in order to avoid the expense and inconvenience of further litigation; and

WHEREAS, no other similarly situated putative class members beyond Mason and Mevers have sought to join the Action or have otherwise been located; and

WHEREAS, Mason and Mevers constitute the only Plaintiffs in the Action and have authority to settle the Action in its entirety; and

WHEREAS, Mason and Mevers agree to dismiss the Action with prejudice globally and against all Defendants upon execution of this Settlement Agreement; and

WHEREAS, the Parties agree to seek Court approval of the terms of this Settlement Agreement;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

1.      **Consideration.**  In consideration of the mutual execution of this Settlement Agreement and General Release and the Dismissal with Prejudice of the Action, the undertakings herein, and the agreement to be legally bound, IAMP, or its insurer, agrees to pay to Mason and Mevers a consideration of One hundred Eighty Five Thousand Dollars ($185,000.00) which will be paid as soon as practicable following the execution of this Settlement Agreement and pending approval by the Court in which this action is filed, but no later than the seventh calendar day following approval by the Court of this Settlement Agreement. The above funds constitute a negotiated amount inclusive of Plaintiffs' claims for

## EXHIBIT A

back wages, liquidated damages, attorneys' fees, and any and all other claimed damages in tort, contract or otherwise, and are to be divided as follows: Forty Seven Thousand Three Hundred Eleven Dollars and Forty One Cents($47,311.41) payable to Mason; Seventy Two Thousand Four Hundred Sixty Four Dollars and Thirty Cents ($72,464.30) payable to Mevers; Sixty Five Thousand Two Hundred Twenty Four Dollars and Twenty Nine Cents ($65,224.29) payable to Roach, Caudill & Gunn LLP. The latter amount represents attorneys' fees in an amount of one-third of the total settlement amount ($61,666.66) plus costs incurred in an amount of Three Thousand Five Hundred Fifty Seven Dollars and Sixty Three Cents ($3557.63). The Parties agree that the attorneys' fees contained herein are reasonable. The amount of attorneys' fees paid was discussed and negotiated as a separate settlement item, and is less than the amount which would otherwise be sought by Plaintiffs' counsel based upon standard hourly rates and time expended to date.

The Parties will move the Court for approval of this Settlement Agreement in accordance with applicable law, and will arrange for execution of the agreement upon approval within the time established above. Following Court approval of this Agreement, and receipt of the settlement funds from or on behalf of IAMP as set forth above, Mason and Mevers agree to consent to and enter into a Stipulation of Dismissal pursuant to Fed.R.Civ.P. 41 and L.R. N.D. Ga. 41.1 dismissing this the Action **globally against all Defendants** as soon as practicable. To the extent any taxes are owed on their respective portions of the consideration, Mason and Mevers hereby respectively acknowledge that they will be individually responsible.

2. **No Additional Claims.** Mason and Mevers respectively represent that there are no additional administrative charges, lawsuits, civil actions or claims of any kind pending against any of the Defendants, their predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, employees, heirs, executors, or assigns, except that Mevers has filed a claim based upon failure to pay taxes on previous earnings. Mason and Mevers agree to dismiss any administrative charges, lawsuits, civil actions or claims with prejudice, without costs and waiving all rights of appeal. Mason and Mevers also respectively acknowledge that they have been fully compensated for their claims and that, to the extent any administrative agency seeks further recovery, that they would not be entitled to any further compensation. Mason and Mevers also hereby respectively warrant and acknowledge that, in entering into the instant Settlement Agreement, they hereby waive, forego and surrender any rights or claims that they may have or purport to have, either individually or together, against any of the Defendants.

3. **No Admission of Liability.** This Settlement Agreement does not constitute an admission by any Party of any wrongdoing with regard to Mason's and Mevers's respective employment with or termination from IAMP or of any violation by any party of any federal, state or local law, ordinance or regulation or of any violation of IAMP's or IAMP LLC's policies or procedures or of any liability or wrongdoing whatsoever. Neither this Settlement Agreement nor anything in this Settlement Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any Party. This Settlement Agreement may be introduced, however, in any proceeding to enforce the

**EXHIBIT A**

Settlement Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

4. **Release.** Except for those obligations of the Parties set forth expressly and specifically below, Mason and Mevers respectively do hereby irrevocably and unconditionally release and discharge forever any and all Defendants and their employees, agents, equity owners, members, officers, directors, parent corporations, subsidiary corporations, related corporations, affiliates or similar entities or individuals, heirs, executors, and assigns from all manner of actions or causes of actions, suits, proceedings (whether civil, administrative or otherwise), debts, sums of money, accounts, contracts, controversies, promises, damages, judgments, executions, liabilities, claims, demands, attorney's fees, costs or expenses of any kind or nature whatsoever, whether at law or in equity, or both, whether known or unknown, fixed, liquidated or contingent, direct or derivative, which Mason and Mevers had, now have, or may in the future claim to have, either separately or together, by reason of any act, matter, thing or cause whatsoever on or prior to the date of this Settlement Agreement, including but not limited to any such claims arising out of or relating to Mason's and/or Mevers's employment with IAMP and/or the termination of that employment and/or pursuant to any federal, state, or local employment or discrimination laws, including, but not limited to, Title VII of the 1964 Civil Rights Act ("Title VII") as amended, the 1866 Civil Rights Act as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), 42 U.S.C., 1981 ("Section 1981") as amended, the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1991 ("CRA"), the National Labor Relations Act ("NLRA"), the Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the Fair Labor Standards Act ("FLSA"), the Employee Retirement Income Security Act ("ERISA"), and similar employment statutes in the State of Georgia, including but not limited to the Georgia Minimum Wage Act ("GMWA"). Based on this Settlement Agreement, Mason and Mevers respectively expressly releases any claims each has or may have under Title VII, Section 1981, Section 1983, FLSA, ADEA, OWBPA, ADA, CRA, NLRA, ERISA, and COBRA, or any claims under statutory, contract (including quantum meruit or promissory estoppel), or tort law (including claims for conversion, defamation, or invasion of privacy), claims for harassment, discrimination (including religious discrimination), sexual harassment, hostile work environment, retaliation, wrongful termination and any claims arising from, or relating in any manner to the employment with or separation from employment of Mason and/or Mevers with IAMP.

It is the specific intent and purpose of Mason and Mevers to each release and discharge any and all Defendants from any and all claims and causes of action of any kind or nature whatsoever, which may exist or might be claimed to exist at or prior to the date hereof, including any claims whatsoever that have, through oversight or error, intentionally or unintentionally, been omitted from this Settlement Agreement provided, however, that nothing in this paragraph shall be construed to waive any party's right to enforce any provision of this Settlement Agreement. It is agreed and understood that this release by Mason and Mevers is a General Release to be broadly construed, and that Mason and Mevers release any and all Defendants their employees, agents, officers, directors, parent corporations, subsidiary

**EXHIBIT A**

corporations, related corporations, affiliates or similar entities or individuals, heirs, executors, and assigns.

     5.    **Waiver of ADEA Claims.** Mason and Mevers each further understands and agrees that, by entering into this Settlement Agreement, (i) Mason and Mevers each waive any rights or claims that either might have under the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act; (ii) Mason and Mevers have each received consideration beyond that to which either was previously entitled; (iii) Mason and Mevers have each been advised to consult with an attorney before signing this Settlement Agreement; and (iv) Mason and Mevers have each been offered the opportunity to evaluate the terms of this Settlement Agreement for not less than twenty-one (21) days prior to their respective execution of the Settlement Agreement. Mason and Mevers may each revoke this Settlement Agreement (by written notice to Defendants) within seven (7) days after their respective execution of the Settlement Agreement, and it shall become enforceable only upon the expiration of this revocation period without prior revocation by Mason and/or Mevers. Written notice shall be by certified mail or overnight delivery to Alex M. Barfield, Hawkins, Parnell, Thackston & Young, LLP, 4000 SunTrust Plaza, 303 Peachtree Street, N.E., Atlanta, Georgia 30308-3243

     6.    **Confidentiality.** The Parties agree that the terms and conditions of this Settlement Agreement shall remain confidential as between the Parties, and they shall not disclose them to any other person, other than their respective legal and financial advisors or members of Mason's and/or Mevers's immediate family, who shall also be advised of their confidentiality and who shall agree to be bound by this confidentiality agreement. Without limiting the generality of the foregoing, Mason and Mevers each further agree that they shall not respond to or in any way participate in or contribute to any public or private discussion, notice or other publicity concerning or in any way relating to the fact, execution or terms of this Settlement Agreement, or to the claims leading to the execution of this Settlement Agreement.

Mason and Mevers, as well as their respective legal and financial advisors or any members of Mason's and/or Mevers's immediate family bound by this Settlement Agreement, all specifically agree that, to the extent that any employees of IAMP, or IAMP, LLC, current or former, whether similarly situated to Mason and Mevers or otherwise, inquire as to the terms or conditions of this Settlement Agreement, the only response that will be given is "the matter has been resolved."

Mason and Mevers each agree that any disclosures in violation of this paragraph shall constitute and be treated as a material breach of this Settlement Agreement, unless previously waived through public disclosure by all Defendants. The confidentiality agreement set forth in this paragraph shall apply except as prohibited by any federal, state or local law, ordinance or regulation, or public policies pertaining thereto.

The Parties agree to make every effort to exclude the terms of this Settlement Agreement from any Court filings related to this Settlement Agreement, including but not limited to the Court's approval of the Settlement Agreement. To the extent that the Court

**EXHIBIT A**

wishes to include the Settlement Agreement as part of any filings or Orders, the Parties agree that publication on the Court's docket does not constitute public disclosure by a party and does not relieve any party of his or her confidentiality obligations as set forth in this section.

7. **Pending Court Approval.** The Parties acknowledge that the Court must approve this Settlement Agreement, and further agree that, insofar as the Court fails or refuses to approve this Settlement Agreement, or any term or condition thereof, that all obligations contained herein are null and void.

8. **Rights and Obligations Retained Individually.** Each individual Party to this Settlement Agreement independently retains all rights and obligations conferred by this Settlement Agreement. In the event of breach by any individual Party of any term of this Settlement Agreement, the rights and obligations of the remaining non-breaching Parties will be unaffected and all terms and conditions of this Settlement Agreement will remain in force with respect to all non-breaching Parties. However, the remaining provisions of this agreement are not effective as to any party unless and until this agreement is approved by the Court and full consideration is paid as provided in paragraph 1.

9. **Taxes.** To the extent any additional taxes are owed, Mason and Mevers respectively agree that each shall be exclusively liable for the payment of all federal and state taxes which may be due as the result of the consideration received from IAMP and that such payments are made for the settlement of disputed claims as set forth herein. Mason and Mevers respectively hereby represent that each shall make payments on such taxes at the time and in the amount required of them. In addition, Mason and Mevers respectively hereby agree fully to defend, indemnify and hold harmless any and all Defendants and their parents, subsidiaries, affiliates, heirs, executors, and assigns from payment of taxes or penalties that are required of them by any government agency at any time as the result of payment of the consideration set forth herein.

10. **Entire Agreement and Modification.** This Settlement Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and the other subject matters addressed in the Action between the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. Both Mason and Mevers have carefully read and fully understand all of the provisions of this Settlement Agreement. This Settlement Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. Mason and Mevers each acknowledge that they have not relied upon any representation or statement, written or oral, not set forth in this document.

11. **Severability.** If any provision of this Settlement Agreement or the application thereof, except the release set forth in paragraphs 4 and 5, is held invalid, the invalidity shall not affect other provisions or applications of the Settlement Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Settlement Agreement are declared to be severable. In the event the releases set forth in

**EXHIBIT A**

paragraphs 4 and 5 are declared invalid or unenforceable, the Settlement Agreement shall be null and void and Mason and Mevers shall return to IAMP the consideration paid hereunder.

12. **Agreement Not To Seek Future Employment, Non-Disparagement, and References.** Mason and Mevers each expressly agree never to seek or accept employment or reinstatement with IAMP, IAMP, LLC or any of the parent corporations or subsidiary corporations of either entity; and Mason and Mevers each forever discharge IAMP, IAMP, LLC and these other entities from any obligation to employ them in any capacity. If Mason or Mevers is inadvertently hired, the Parties agree that neither Mason nor Mevers will be required to resign but that this Settlement Agreement will serve as a lawful basis for terminating Mason's and/or Mevers's employment. The Parties further agree that they will not say or do anything that would or could be construed to defame or disparage the reputation of each other. All Defendants agree that they will respond to any requests concerning Mason's or Mevers's employment by giving a neutral job reference, including only her dates of employment and position last held and referring any inquiring party to Dr. Narayana Prasad. Dr. Prasad agrees to respond to any requests concerning Mason's or Mevers's employment using the form language attached hereto as Appendix A.

13. **Counterparts.** This Settlement Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

14. **Governing Law.** This Settlement Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia.

15. **Interpretation.** It is understood and agreed that any ambiguities contained in this Settlement Agreement and any amendments thereto should not be presumptively construed against either Party. Further, the paragraph headings set forth herein are for convenience only, and will not affect the interpretation or construction of this Settlement Agreement.

16. **Waiver.** No waiver of any breach of any term or provision of this Settlement Agreement shall be construed to be, or shall be, a waiver of any other breach of this Settlement Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

IN WITNESS HEREOF, THE PARTIES have executed this Settlement Agreement as of the date set forth above.

**MARY MASON**

_____

# EXHIBIT A

**GRACE MEVERS**

_____

_____
Approved as to form by: Linwood Gunn
            Attorney for Plaintiffs

**INSTITUTE OF ALLIED MEDICAL PROFESSIONS, INC.**

By:_____
       Its:_____

**INSTITUTE OF ALLIED MEDICAL PROFESSIONS, LLC.**

By:_____
       Its:_____

**THOMAS HAGGERTY**

_____

**KARYN VIDAL**

_____

**NARAYANA PRASAD**

_____

**LORREN WEST**

_____

**EXHIBIT A**